UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DAVID LAIRD,   6:17-cv-1029-JR

    Plaintiff,

    v.   ORDER

UNITED STATES,

    Defendant.

Russo, Magistrate Judge:

Pro se plaintiff, David Laird, initiated this action in small claims court in Douglas County, Oregon, against defendant, the United States. The government removed to this court on June 30, 2017.[1] Plaintiff appears to allege two claims for relief arising out of his interaction with Bureau of Land Management ("BLM") concerning his mining claim in Douglas County. The first claim concerns an alleged "unintentional trespass" by a BLM Law Enforcement Officer, and

---

[1] On September 8, 2017, plaintiff submitted a letter to the court stating: "I withdraw my complaint removed to this Court from Small Claims Court. It was not my intention to file in Federal Court." Mot. Remand (doc. 6). Out of an abundance of caution, the Court construed plaintiff's letter as a motion to remand. The motion to remand is denied for the reasons stated in the government's response. See Resp. Mot. Remand (doc. 9).

Page 1 - ORDER

the second claim is for an alleged theft of property by BLM Law Enforcement Officer Gregory Filer. The government moves to dismiss on several grounds.

The threadbare allegations of the complaint fail to state a claim. Due to the complaint's deficiencies, the Court cannot adequately determine at this point if a claim exists for any alleged "unintentional trespass" or theft.[2] Accordingly, plaintiff shall have 30 days to file an amended complaint to cure the deficiencies noted below.

## I. STANDARDS

A complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). Fed. R. Civ. P. 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 268, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

Bell Atlantic Corp, 550 U.S. at 555 (citations omitted). Moreover, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions-which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted-and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft, 556 U.S. at 678. In short, "a

---

[2] As noted, the government has raised several grounds for dismissal. To the extent the government argues that applicable regulations necessarily permitted the action complained of, that issue is better addressed after any amendment on a developed record.

complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id.

In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); Cahhill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

## II. DISCUSSION

It is important to note, "[a]bsent a waiver of sovereign immunity, the United States and its agencies are immune from suit." Beltran v. United States, 2015 WL 7722414, *2 (D. Or. Nov. 30, 2015) (citing *F*.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Loeffler v. Frank, 486 U.S. 549, 554 (1988)). However, limited waivers of sovereign immunity exist, such as in a Bivens or a Federal Torts Claim Act ("FTCA") action. See Carlson v. Green, 446 U.S. 14, 18 (1980) ("Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right"); 28 U.S.C. 1346(b)(1). Plaintiff has not pleaded a specific cause of action in his complaint, thus dismissal is required and waiver of sovereign immunity cannot be assessed. However, an amendment to allege a Bivens or FTCA claim may remedy this deficiency.

### A. Bivens Action

Plaintiff cannot allege a 42 U.S.C. § 1983 claim here – as "[f]ederal officers acting under federal authority, are immune from suit under section 1983." See Gibson v. United States, 781 F.2d 1334, 1343 (9th Cir.1986). However, a Bivens action may seek to hold federal officers individually liable for constitutional violations. Mendia v. Garcia, 165 F.Supp.3d 861, 880 (N.D. Cal. 2016). Although it is "more limited in some respects," a Bivens action is the "federal analog" to a section 1983 action against state or local officials. Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006). "Bivens does not provide a means of cutting through the sovereign immunity of the United States itself;" rather, it "is a remedy recoverable against individuals." Beltran, 2015 WL 7722414 at *3 (citing Carlson v. Green, 446 U.S. at 21) (internal quotes omitted).

> "To establish liability under Bivens, a plaintiff must show: (1) . . . a person acting under color of law committed the conduct at issue; and (2) . . . the conduct deprived the plaintiff of a right, privilege, or immunity protected by the U.S. Constitution or the laws of the United States."

Beltran, 2015 WL 7722414 at *3 (internal citation omitted). "The factors necessary to establish a Bivens violation will vary with the constitutional provision at issue." Ashcroft, 556 U.S. at 676.

### B. FTCA Action

"The FTCA is the exclusive remedy for monetary damages for injuries 'caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" S. Fork Livestock P'ship v. United States, 183 F.Supp.3d 1111, 1118-19 (D. Nev. 2016) (citing 28 U.S.C § 1346(b)(1) (2012)). A claim for money damages against the United States cannot be filed until a claim has been presented to the appropriate federal agencies and a final denial received. 28 U.S.C. § 2675(a). The agency claim must be filed within two

years after the claim accrues or within six months after the mailing date of the notice of final denial. 28 U.S.C. § 2401(b). An agency denial can be received either in writing or by default after six months if no answer to the claim is received. 28 U.S.C. § 2675(a).

Under the FTCA, "claimants are entitled to compensatory damages which, under the Act, are governed by state law." Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 553 (9th Cir. 1984) (citing Birnbaum v. United States, 588 F.2d 319 (2d Cir.1978); Abille v. United States, 482 F.Supp. 703, 710-11 (N.D. Cal. 1980)). It is unclear if plaintiff intended to allege a violation of Oregon tort law, such as conversion or trespass to chattels, however, amendment may cure this defect. Nonetheless, plaintiff must allege exhaustion, if possible.

"[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 **or other written notification** of an incident, accompanied by a claim for money damages in a sum certain for . . . loss of property . . . alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2 (emphasis added); see also S. Fork Livestock P'ship, 183 F.Supp.3d at 1119; Boles v. United States, 3 F.Supp.3d 491, 504 (M.D.N.C. 2014).

The government's submissions in support of its motion to dismiss appear to show plaintiff filed written notifications with the BLM with a "sum certain" as to the unintentional trespass and theft claims' value. Decl. Kenneth Lloyd Attach. F (doc. 12-2); Depo. Diane Perry Attach. N (doc. 13-8); Resp. Mot. Dismiss Attach. 1, 4-5 (doc. 16-1); see 28 U.S.C. § 2675(a). It is unclear if the BLM responded with a final decision or failed to respond within six months of the claims' filing. See 28 U.S.C. § 2675(a). Plaintiff may amend to cure this deficiency, if possible.

## III. CONCLUSION

The government's Motion to Dismiss ([doc. 10](doc. 10)) is GRANTED. Plaintiff's Motion to Remand ([doc. 6](doc. 6)) is DENIED. The complaint is dismissed with leave to file an amended complaint within 30 days from the date of this order if plaintiff wishes to continue this action. Failure to amend the complaint and cure the noted deficiencies will result in a dismissal of this case.

DATED this 6th day of December 2017.

 s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge